UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

Plaintiff,

v.

C & C FLOORING, INC. d/b/a C & C
FLOORING, and
CHRISTOPHER COBURN,

Defendants.

Civil Action No. 1:19cv-629

Injunctive Relief Sought

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") brings this action because Defendants C & C Flooring, Inc. doing business as C & C Flooring and Christopher Coburn have willfully failed to pay proper overtime compensation to employees, unlawfully retaliated against their employees, and failed to keep accurate employment-related records. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover unpaid wages, liquidated damages, and punitive damages pursuant to the provisions of Sections 15(a)(2), 15(a)(3), and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 216(c).

1

I.

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

II.

Defendant C & C Flooring is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 1600 Candia Road, #8, Manchester, New Hampshire, 03109, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a flooring retail store that sells and installs residential and commercial flooring materials. Defendant C & C Flooring employs the employees who have not received proper overtime compensation and who were retaliated against in this case.

III.

Defendant Christopher Coburn is the sole owner of C & C Flooring. Coburn has operational control over C & C Flooring's daily functions, including the compensation of employees; he has the authority to hire and discipline workers, set hours of work, and determine how employees are paid. Defendant Coburn is and has been an employer of C & C Flooring's employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

IV.

At all times hereinafter mentioned, Defendants were an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

2

V.

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VI.

Since August 25, 2015 or earlier, Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees— such as laborers, floor technicians, and floor mechanics—for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks. Therefore, Defendants are liable for overtime compensation owed to approximately 33 employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c), as set forth below.

    A. Defendants' own timekeeping records show that during the workweeks beginning on July 26, 2016; December 20, 2016; April 24, 2018; June 12, 2018; and June 19, 2018, certain employees worked more than 40 hours per week when the recorded daily

3

hours worked for each such employee are added together. Those same timekeeping records also have a column purporting to show the total hours worked for each employee in each of those workweeks. Notwithstanding the fact that the daily hours worked for certain employees add up to more than 40 hours, the numbers listed in the total hours worked column on each of the aforementioned timekeeping records does not exceed 40 hours for any employee.

B. Defendants' payroll register for the week beginning June 19, 2018 shows that all employees worked 40 hours or less and were paid at a single rate of pay.

C. Defendants compensated employees in cash at their regular rates of pay for hours worked in excess of 40 hours in a workweek or "banked" those overtime hours to be paid out at the employees' regular rates of pay in a subsequent workweek.

D. Defendants knew of their responsibility to pay an overtime premium when employees worked in excess of 40 hours in a workweek, as evidenced by Defendants' changes in their compensation practices for hours worked beyond 40 hours in a workweek.

E. Defendants' rationale for paying employees for hours worked in excess of 40 hours in a workweek in the aforementioned manners was that the employees wanted to be paid in those manners.

F. The foregoing methods of compensating employees for overtime hours worked in a workweek constitute willful violations of the Act.

VII.

Since August 25, 2015 or earlier, Defendants failed to keep true and accurate records of the hours that its employees worked, in violation of Section 11 of the Act, 29 U.S.C. § 211, and

4

the regulations thereunder, specifically 29 C.F.R. Part 516, including by failing to accurately record the hours worked by employees over 40 hours in a workweek, as set forth above.

## VIII.

Defendants have also taken action to obstruct the Secretary's investigation of Defendants and have unlawfully retaliated against certain employees in contravention of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by instructing employees to provide false information to the Secretary.

A. Defendant Coburn told employees, or otherwise communicated to them, that they should provide inaccurate information to the Secretary regarding the hours that employees worked and the hours for which they were compensated.

B. That action by Defendant Coburn seeking to influence the information that employees provided to the Secretary reveals that Defendants knew that employees were about to give testimony to the Secretary.

C. Defendants' actions seeking to influence the information that employees provided to the Secretary well might dissuade a reasonable worker from engaging in activity protected by the Act, such as providing testimony to the Secretary.

## IX.

Since August 25, 2015 or earlier, Defendants violated the aforesaid provisions of the Act, including doing so willfully, as alleged herein.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently

enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A plus liquidated damages equal in amount to the unpaid compensation found due; alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an order awarding punitive damages related to Defendants' retaliatory actions under Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3); and

(4) For an order awarding Plaintiff the costs of this action and attorneys' fees; and

(5) For an order granting such other and further relief as may be necessary and appropriate.

<div style="margin-left:50%">

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor
/s/ Mark A. Pedulla
Mark A. Pedulla

</div>

6

MA BBO No. 685925
Counsel for Wage & Hour
pedulla.mark.a@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: June 10, 2019